UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW WOLTERS,                      :
                                     :
         Petitioner                  :CIVIL ACTION NO. 3:CV-12-1706
                                     :
     v.                              :(JUDGE RICHARD P. CONABOY)
                                     :
WARDEN THOMAS,                       :
                                     :
         Respondent                  :

_____

## **MEMORANDUM**

Andrew Wolters, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 27, 2012.  (Doc. 1.)  The Petition is accompanied by an Application to proceed *in forma pauperis*.  (Doc. 4.)  For the reasons discussed below, Petitioner will be granted leave to proceed *in forma pauperis* for the sole purpose of the filing of this action with this Court and his Petition is dismissed without prejudice.

### **I. Background**

Petitioner names "Warden Thomas" as the Respondent in this action.[1]  Petitioner states that he was sentenced in November 1999 in the United States District Court for the Central District of

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official.  *See* 28 U.S.C. § 2242.

California following convictions for robbery with use of a weapon under 18 U.S.C. § 2113(d) and use of a firearm during a crime of violence under 18 U.S.C. § 924(c).  (Doc. 1 at 1-2, 7.)

After Petitioner's appeal to the Ninth Circuit Court of Appeals was denied, Petitioner filed a petition for writ of certiorari in the United States Supreme Court which was denied in March 2003.  (Doc. 1 at 2-3.)   Petitioner filed a 28 U.S.C. § 2255 motion in the United States District Court for the Central District of California in 2003 which was also denied.  (Doc. 1 at 4.)  He filed a motion under 28 U.S.C. § 2244(b)(3)(A) in the Ninth Circuit Court of Appeals seeking permission to file a second or successive Section 2255 motion to challenge his conviction and sentence. (Doc. 1 at 4.)  The motion was denied on August 6, 2012.  (*Id.*)

With the filing of this 28 U.S.C. § 2241 Petition, Petitioner raises two grounds for relief: 1) the federal government improperly exercised jurisdiction over his state bank robbery charge; and 2) he was "subjected to impermissible double counting" when he was sentenced under 18 U.S.C. §2113(d) for use of a weapon during a crime of robbery and also sentenced under 18 U.S.C. § 924(c) for use of a firearm during a crime of violence.  (Doc. 1 at 7.) Petitioner asserts that 28 U.S.C. § 2255 is inadequate or ineffective to challenge his conviction or sentence because his motion seeking to file a second or successive § 2255 motion was denied.  (Doc. 1 at 5.)

2

## II. **Discussion**

### *A. Standard of Review*

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See*, *e.g.*, *Mutope v. Pennsylvania Board of Probation and Parole*, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). *See*, *e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . . the necessary facts can be determined from the petition itself . . . ." *Gorko v. Holt*, Civil No. 4CV05956, 2005 WL 1138479, at *1 (M.D. Pa. May 13, 2005) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). When challenging the validity of a federal conviction, and not the

3

execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009) ("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").  A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  This language in § 2255, known as the safety-valve clause, must be strictly construed. *Dorsainvil*, 119 F.3d at 251; *Russell*, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements" for filing a second or successive § 2255 motion. *Id.* at 539; *see also Alexander v. Williamson*, 324 F. App'x 149, 150 (3d

4

Cir. 2009) (not precedential).

Petitioner is clearly challenging the validity of his 1999 federal sentence. Thus, he must do so by following the requirements of § 2255. As set out above, Petitioner has already unsuccessfully sought § 2255 relief. Consequently, he must obtain certification from the Ninth Circuit Court of Appeals to file another collateral challenge to his conviction and sentence. The fact that he is unlikely to secure such a certification does not render the § 2255 process "inadequate or ineffective." Likewise, the fact that the Central District of California and the Ninth Circuit Court of Appeals previously denied his prior sentence related arguments does not make his present claims cognizable in a § 2241 action.

Furthermore, Petitioner's pending claims are not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has he shown that he was unable to present his claims on direct appeal or in his § 2255 proceedings. As recognized in *Pollard v. Yost*, No. 07-235, 2008 WL 4933599 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be

> a claim of actual innocence but a claim of
> actual innocence coupled with the inability
> to have brought the claim before because of
> a change in the construction of the criminal
> statute by a court having the last word on

5

>     the proper construction of the statute,
>     which change rendered what had been thought
>     to be criminal within the ambit of the
>     statute, no longer criminal.

2008 WL 4933599, at *6.  Clearly, Petitioner's claims do not fall within the *Dorsainvil* exception.  *See Levan v. Sneizek*, No. 08-4116, 2009 WL 997442, at *2 (3d Cir. April 15, 2009); *Smith v. Snyder*, 48 F. App'x 109, 110-11 (6th Cir. 2002).

Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 Petition will be dismissed for lack of jurisdiction.  This dismissal has no effect on Petitioner's right to again seek authorization from the Ninth Circuit Court of Appeals to file a second or successive § 2255 petition.

### III. Conclusion

For the reasons discussed above, Petitioner's 28 U.S.C. § 2241 Petition (Doc. 1) is dismissed without prejudice and his Application to proceed *in forma pauperis* (Doc. 4) is granted for this filing only. An appropriate Order will enter.

                                    S/Richard P. Conaboy
                                    RICHARD P. CONABOY
                                    United States District Judge

DATED: October 12, 2012  _____

6